**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

S.D., individually and as Next Friend
of A.J.D., et al.,

    Plaintiffs,

vs.                                                                       CASE NO. 3:09-cv-250-J-20TEM

ST. JOHNS COUNTY SCHOOL
DISTRICT, et al.,

    Defendants.

_____

## **O R D E R**

This case is before the Court on Defendants' Motion to Strike Paragraph 20 of the Verified Amended Complaint (Doc. #48, Motion to Strike) and Plaintiffs' response in opposition thereto (Doc. #55). After careful consideration of the parties' arguments in their respective filings, the Court has determined Defendants' Motion to Strike (Doc. #48) shall be denied.

In the Motion, Defendants request that Paragraph 20 of Plaintiff's Verified Amended Complaint (Doc. #25) be stricken pursuant to Federal Rule of Civil Procedure 12(f) because the allegation(s) contained therein are immaterial, impertinent, and scandalous (Doc. #48 at 7-8). Paragraph 20 states:

> Defendant Joyner is a member of the steering committee of an organization called Marketplace Christian Professional Resources, the objective of which is to promote the Christian religion in places of work and in public schools and which has published a booklet promoting and entitled, 'Christians' Rights in the Workplace and School.'

(Doc. #25 at 7).

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Due to their drastic nature, however, motions to strike are disfavored. *See Thompson v. Kindred Nursing Centers East, LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Motions to strike are usually denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.*; *see also In re Southeast Banking Corp. Sec. & Loan Loss Reserves Litig.*, 147 F. Supp. 2d 1348, 1355 (S.D. Fla. 2001).

Further, in evaluating a motion to strike, the Court "must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings." *Reyher v. Trans World Airlines, Inc.,* 881 F. Supp. 574, 576 (M.D. Fla. 1995). In addition, a matter is scandalous when it improperly casts a derogatory light on someone. *Pardo v. Fleetwood Motor Homes of Pa., Inc.*, No. 2:05-CV-359-FTM-33DN, 2005 WL 3113215, at *2 (M.D. Fla. Nov. 20, 2005) (*citing* Wright & Miller, FEDERAL PRACTICE & PROCEDURE: CIVIL § 1382 at 465-66 (3d ed. 2004).[1]

In the Motion to Strike, Defendants first argue that Paragraph 20 should be stricken as immaterial and impertinent because the assertion(s) contained therein are irrelevant to the instant action (Doc. #48 at 6-7).[2] An "immaterial matter" is one that has no important

---

[1]Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

[2]This action involves the alleged use of sectarian and proselytizing songs by Defendants to, *inter alia*, advance and endorse sectarian religious beliefs to public school students in violation of the First and Fourteenth Amendments to the United States Constitution (Doc. #25 at 9-10).

relationship to the claim or defense and an "impertinent" matter is one that does not pertain to the issue(s) in question. *126th Avenue Landfill, Inc. v. Pinellas County*, No. 8:09-CV-307-T-33TBM, 2009 WL 1544030, at *2-3 (M.D. Fla. June 3, 2009); Wright & Miller, *supra*, at 458-63. Generally, motions to strike allegedly immaterial matters are not favored and such motions will not be granted unless the allegations are so immaterial that they can have no possible bearing on the issues to be litigated. *United States Dental Instit. v. American Ass'n of Orthodontists*, 396 F.Supp. 565, 583 (N.D. Ill. 1975).

Defendants maintain that Defendant Joiner's private religious beliefs and his private membership in a religious organization bear no relevance to Plaintiffs' allegations that the School District took action which had the effect of establishing religion or of suppressing Plaintiffs free exercise of their beliefs (Doc. #48 at 6). Defendants cite *Bauchman v. West High School*, 132 F.3d 542, 560-62 (10th Cir. 1997) in support of this proposition (Doc. #48, 5-7). In *Bauchman*, the Tenth Circuit held a defendant's pattern of conduct dating back twenty (20) years and his "underlying belief system or religious character" were irrelevant with respect to the plaintiff's Establishment Clause claim because courts, "must focus instead on objectively discernible conduct or communication that is temporally connected to the challenged activity and manifests a subjective intent by the defendant to favor religion or a particular religious belief." *Id.* at 560.

*Bauchman* is distinguishable from the facts presented because the plaintiff in *Bauchman* merely pointed to the defendant's pattern of conduct dating back twenty (20) years and his underlying belief system in support of her claim that the defendant chose certain religious songs, to be sung by a public school choir, in furtherance of a religious purpose. *Id.* at 545, 560. The Plaintiffs in the instant case, however, do not simply state

3

that Defendant Joiner holds a specific religious belief and that he is a member of a particular religious organization—Plaintiffs claim Defendant Joyner is a member of the steering committee of an organization which has the objective of promoting its religious views in public schools and in the workplace (Doc. #25 at 7, ¶ 20). Thus, Plaintiffs assert that Defendant Joyner is one of several individuals responsible for providing the strategic direction of a religious organization that seeks to further its religion in public schools and in the workplace (*see* Doc. #25 at 7, ¶ 20); *see also* WEBSTER'S II NEW COLLEGE DICTIONARY 1080 (Marion Severynse et al. eds., Houghton Mifflin Co. 1999) (defining "steering committee" as a body that sets agendas and schedules business for organizations).

Paragraph 19 of the Amended Verified Complaint states that when a concerned parent inquired about one of the songs that is the subject of the instant litigation, said parent was told the School District had approved that particular song and that any further questions regarding the same were to be directed to either a school music director or Defendant Joyner (Doc. #25 at 7, ¶ 19). Taking the allegations as true, the undersigned is unable to find the assertions in Paragraph 20 (when read in conjunction with Paragraph 19) are so immaterial that they have no possible bearing on the issues to be litigated. *See Reyher*, 881 F. Supp. at 576.

Discovery related to Paragraph 20 could lead to evidence of objectively discernible conduct or communication(s) on the part of Defendant Joyner that are temporally connected to the challenged activity and manifest a subjective intent by Defendant Joyner to favor one particular religion or religious belief over others. *See Bauchman*, 132 F.3d at 560. Accordingly, at this stage in the proceedings, the undersigned cannot conclude that the purpose of Rule 12(f) would be best served by striking Paragraph 20 of the Verified

Amended Complaint (Doc. #25).

In addition, the undersigned does not find the assertions in Paragraph 20 would prejudice Defendants. "Prejudice results when the matter complained of has the effect of confusing the issues or where it is so lengthy and complex that it places an undue burden on the responding party." *Capitol Indem. Corp. v. Tranel Developments, Inc.*, 144 F.R.D. 346, 347 (N.D. Ill.1992). While increased time and expense of trial may constitute sufficient prejudice to warrant granting a motion to strike, mere assertions by the moving party that he or she is prejudiced are insufficient. *See Fleischer v. A.A.P., Inc.*, 180 F.Supp. 717, 721 (S.D.N.Y. 1959) (stating that prejudice is not assumed simply by the inclusion of a verbose, conclusory, or evidentiary matter).

Here, although Defendants argue that the statements contained within Paragraph 20 confuse the issues and that the danger of unfair prejudice with respect to those statements outweighs their probative value,[3] Defendants have not otherwise shown how they would be prejudiced if Paragraph 20 remained in the Amended Verified Complaint (*see* Doc. #48).

With respect to Defendants' evidentiary arguments, Defendants maintain the allegation(s) contained within Paragraph 20 are inadmissible under Rules 401-403 of the Federal Rules of Evidence (*i.e.* said allegations are irrelevant, confuse the issues, and are prejudicial), and therefore, should be stricken on that basis. A complaint, however,

> is not evidence, and the admissibility of any evidence which might prejudice [d]efendants [should] be resolved in a later stage of the litigation. [. . .] Ordinarily neither a district court nor an appellate court should decide to strike a portion of the complaint on the grounds that the material could not

---

[3]The undersigned will discuss these evidentiary issues *infra*.

5

possibly be relevant on the sterile field of the pleadings alone.

*Jackson v. Grupo Industrial Hotelero,* No. 07-22046-CIV, 2008 WL 4648999, at *14 (S.D. Fla. Oct. 20, 2008) (*quotations and citations omitted*); *see also Agan v. Katzman & Korr, P.A.*, 328 F. Supp. 2d 1363, 1369 (S.D. Fla. 2004) ("[C]ourts should not tamper with the pleadings unless there is strong reason for so doing").

Although a court may strike from a pleading any allegation that cannot possibly relate to the controversy, the undersigned "must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings." *Reyher,* 881 F. Supp. at 576. Taking the assertion(s) in Paragraph 20 as admitted, the undersigned is unable to find said assertion(s) could have no possible relation to the controversy. In addition, the undersigned would note that he declines to make rulings with respect to the admissibility of evidence since such matters are generally within the sole purview of the District Judge assigned to try the action. After the completion of discovery, Defendants may, of course, file any appropriate motions.

Finally, Defendants argue that Paragraph 20 should be stricken as scandalous because the paragraph portrays Defendant Joyner "as a religious zealot with a personal agenda contrary to his responsibilities as Superintendent" (Doc. #48 at 7). Plaintiffs respond by contending that paragraph 20 is not scandalous, and that the statements contained therein are mere factual assertions (Doc. #55 at 2). For the reasons that follow, the Court finds Paragraph 20 does not qualify as a scandalous matter, and that it shall not be stricken from the Verified Amended Complaint (Doc. #25).

The word "scandalous" in Rule 12(f) generally refers to any allegation that "unnecessarily reflects on the moral character of an individual or states anything in

6

repulsive language that detracts from the dignity of the court." *Khalid Bin Talal v. E.F. Hutton & Co.*, 720 F. Supp. 671, 686 (N.D. Ill. 1989) (*quotations and citations omitted*); *see also* 2-12 MOORE'S FEDERAL PRACTICE § 12.37[3] (3d ed. 2002). In addition, "it is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action." Wright & Miller, *supra*, at 465-66. In *Gateway Bottling, Inc. v. Dad's Rootbeer Co.*, the court discussed the problem with striking scandalous matters as follows:

> To strike material as scandalous it must be obviously false and unrelated to the subject matter of the action. [. . .] The facts. . . may be unpleasant for plaintiff to have on the record and they certainly contain charges of reprehensible conduct but the same is true of many facts of life which are entitled to be pleaded as relevant to a cause of action or a defense. Such, for example, are the facts concerning a divorce for adultery. These may be scandalous and annoying and prejudicial to the accused party but plaintiff or defendant is certainly entitled to plead them. They would, however, have no place ordinarily in an automobile accident case and in such case would be stricken as scandalous.

53 F.R.D. 585, 588 (W.D. Pa.1971); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992) (striking as scandalous paragraphs in the complaint that alleged the defendants in that action intentionally caused a salmonella outbreak that killed and injured people in order to deprive the plaintiffs of their jobs at a dairy); *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988) (striking from a complaint superfluous descriptions that compared an employment resignation process to a "concentration camp" where the plaintiffs were "brainwashed" and "tortured"); *S.E.C. v. Lauer*, No. 03-80612-CIV-MARRA, 2007 WL 1393917, at *2 (S.D. Fla. April 30, 2007) (striking as scandalous a letter that accused attorneys of immoral and unethical conduct without any legitimate basis).

Here, although Defendants find the factual assertion contained within Paragraph 20 of the Verified Amended Complaint (Doc. #25) objectionable, the undersigned does not find said assertion scandalous under the applicable case law, *supra*. Said assertion neither appears to be obviously false and unrelated to the subject matter of the action, nor is it stated in repulsive language that detracts from the dignity of the Court. *See Khalid Bin Talal*, 720 F. Supp. at 686.

Based on the foregoing, it is hereby **ORDERED**:

Defendants' Motion to Strike Paragraph 20 of Verified Amended Complaint (Doc. #48) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of July, 2009.

Copies to:
All Counsel of Record
and *Pro Se* parties, if any

THOMAS E. MORRIS
United States Magistrate Judge