UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

S.D., individually and as Next Friend of
A.J.D., and M.P., individually and as
Next Friend of O.J.P.,

        Plaintiffs,                      Case No.: 3:09-cv-250-J-20TEM

vs.

ST. JOHNS COUNTY SCHOOL DISTRICT,
JOSEPH JOYNER, individually; GEORGE LEIDIGH,
individually; DAWN CARONNA,
individually; DEBBIE MOORE, individually;
and SHERYL NELSON, individually.

        Defendants.
_____/

## ORDER

Before this Court are Defendants' various Motions to Dismiss Plaintiffs' Verified Amended Complaint (Doc. 42, filed May 20, 2009; Doc. 45, filed May 21, 2009; Doc. 46, filed May 21, 2009; Doc. 47, filed May 21, 2009), Plaintiffs' Responses (Doc. 56, filed June 8, 2009; Doc. 57, filed June 8, 2009, Doc. 58, filed June 8, 2009), Defendants' Motion to Stay Discovery Pending Final Adjudication of Dispositive Motions (Doc. 52, filed May 29, 2009), and Plaintiffs' Memorandum in Opposition (Doc. 60, filed June 15, 2009). This Court held a hearing on these Motions on July 22, 2009, and has determined the following.

In their various Motions to Dismiss, Defendants argue, *inter alia*, that Plaintiffs' Amended Complaint (Doc. 25, filed April 21, 2009) fails to allege sufficient factual allegations that plausibly suggest they are entitled to relief, as required by *Bell Atlantic v. Twombly*. 550

1

U.S. 544, 555 (2007). Plaintiffs' respond that their Amended Complaint adequately sets forth facts that state a claim for relief pursuant to Rule 8 of the Fed. R. Civ. P.

On May 18, 2009, after the Amended Complaint was filed, the Supreme Court issued its opinion in the case of *Ashcroft v. Iqbal*, 123 S. Ct. 1937, __ U.S. ___ (2009), which clarified the *Twombly* standard. In *Iqbal*, a Muslim Pakistani pretrial detainee filed a complaint against state and federal officials, including Former Attorney General John Ashcroft and FBI Director Robert Mueller, alleging that they violated his First and Fifth Amendment rights under the United States Constitution. The district court denied the Defendants' Motion to Dismiss based on the defense of qualified immunity and Defendants Ashcroft and Mueller appealed. The Second Circuit affirmed the district court's ruling. The Supreme Court, however, determined that the complaint did not comply with Rule 8 of the Fed. R. Civ. P., as required by *Twombly*, finding that it did not "nudge [Plaintiff's] claims of invidious discrimination across the line from conceivable to plausible." *Id.* at 1951-52. The Court expressly rejected Plaintiff's assertion that the construction of Rule 8 should be, "tempered where . . . the Court of Appeals has 'instructed the district court to cabin discovery in such a way as to preserve' the [defendants'] defense of qualified immunity" and held that the complaint was properly dismissed.

The *Iqbal* opinion has potentially changed the landscape of pleading requirements under Rule 8. Rule 8 states that a claim for relief must contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." When it was originally enacted in 1938, Rule 8 was seen as a liberalization of the more stringent common law requirement that pleadings sound in a cognizable legal theory of recovery. Through its recent decisions in *Twombly* and *Iqbal*, the Supreme Court harkens back to its former, more demanding common law standard as

lower courts have become lenient in permitting actions to proceed where plaintiffs plead legal conclusions rather than the facts required under Rule 8.

Thus, under the new standard, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. "[B]are assertions" which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, should therefore be rejected as "conclusory and not entitled to be assumed true." *Id.* at 1951. Additionally, as the Supreme Court noted in *Iqbal*, "the basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Id.* at 1953. Therefore, this Court finds that the Plaintiffs' individual capacity claims cannot stand as currently written. This Court does not, however, find the claims against St. Johns Courtly School Board lacking in such respect.

Therefore it is **ORDERED** and **ADJUDGED**:

1. The individual capacity Defendants', Leidigh, Joyner, Caronna, Moore, and Nelson, Motions to Dismiss the Amended Complaint are hereby **GRANTED in part and DENIED in part.** (Doc. 42, filed May 20, 2009; Doc. 46, filed May 21, 2009; Doc. 47, filed May 21, 2009). The individual capacity Defendants are **DISMISSED** on all counts **without prejudice.** Plaintiffs, if they desire, are permitted to amend their Complaint to comply with Rule 8 as to the

individual Defendants and re-file within 20 days of the issuance of this Order.

2. Defendant St. Johns County School Board's Motions to Dismiss are hereby **DENIED** (Doc. 45, filed May 21, 2009; Doc. 47 filed May 21, 2009).

3. In an effort to ease litigation of this matter, Plaintiffs, if they choose to re-file, shall include the remaining claims against St. Johns County School Board from the First Amended Complaint in the Second Amended Complaint. Thus, if filed, the Second Amended Complaint shall encompass all claims against all parties and will be the only Complaint that proceeds to the next stage of litigation.

4. The Motion to Stay Discovery as to the individual capacity Defendants is hereby **DENIED as moot.** In addition, the Motion to Stay Discovery by St. Johns County School Board is also **DENIED** (Doc. 52, filed May 29, 2009).

**DONE and ENTERED** in Jacksonville, Florida this 29th day of July, 2009.

Harvey E. Schlesinger
United States District Judge

Copies to:
D. Gray Thomas, Esq.
Bryan E. DeMaggio, Esq.
Matthew R. Kachergus, Esq.
William J. Sheppard, Esq.
Frank D. Upchurch, III, Esq.
John David Marsey, Esq.
Richard Q. Lewis, III, Esq.
Robert Jacob Sniffen, Esq.
Todd Englehardt, Esq.

4