**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

S.D., individually and as Next Friend of
A.J.D., and M.P., individually and as
Next Friend of O.J.P.,

        Plaintiffs,

vs.                                      CASE NO. 3:09-cv-250-J-20TEM

ST. JOHNS COUNTY SCHOOL DISTRICT,
et al.,

        Defendants.
_____

## O R D E R

This matter is before the Court on Defendants' Motion to Stay Discovery Pending Final Adjudication of Dispositive Motion and Supporting Memorandum of Law (Doc. #76). In the Motion, Defendants request a stay of all discovery until such time as the pending motion to dismiss Plaintiffs' second amended complaint (Doc. #75) has been ruled upon (Doc. #76 at 1). Plaintiffs have filed a memorandum of law in opposition to the sought relief (*see* Doc. #78).

Defendants argue that all discovery should be stayed because, *inter alia*, the pending motion to dismiss, if granted, "will dismiss the Individual Defendants who have been sued by Plaintiffs and, potentially, some of the claims filed by Plaintiffs' against the Defendant St. Johns County School District" (Doc. #76 at 5). Defendants also assert that by staying discovery at this juncture, "the Court would ensure that the discovery between the parties is relevant and not unnecessarily burdensome or intrusive to any party, and

does not invade the individually-named defendants' right to remain free from the burdens of litigation" (Doc. #76 at 11).

In response, Plaintiffs argue, *inter alia*, that:

> Defendants overlook that in addition to the individual capacity claims, Plaintiffs have asserted claims against the St. Johns County School District. The assertion of qualified immunity on behalf of the individual Defendants has no bearing on whether discovery should take place as to the Defendant School District, including depositions of the individual defendants as witnesses, which would occur even if they were not parties. In other words, the individual Defendants' assertion of qualified immunity does not change the individual Defendants' status as fact witnesses to the claims asserted against the School District. That is, even if some or all of the individual Defendants were ultimately dismissed from this suit based on qualified immunity or for any other reason, they would still be subject to discovery as witnesses regarding the facts underlying the claims against the School District.

(Doc. #78 at 2-3).

The Federal Rules of Civil Procedure and Local Rules of the Middle District of Florida provide for the appropriate filing of motions seeking court intervention in discovery matters. The Court would note, however, that the overall purpose of discovery under the Federal Rules of Civil Procedure is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts and, therefore, embody a fair and just result. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958).

Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion involving judicial intervention. "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *Bush*

*Ranch, Inc. v. E.I. DuPont De Nemours & Co.*, 918 F. Supp. 1524, 1542 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F.3d 363 (11th Cir. 1996).

While motions to stay discovery may be granted pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the moving party bears the burden of showing good cause and reasonableness. *Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997) (*citing Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y. 1985)). Such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems. *Kron Medical Corp. v. Groth*, 119 F.R.D. 636 (M.D.N.C.1988). A request to stay discovery pending resolution of a motion is rarely appropriate where the resolution of the motion will not dispose of the entire case. *Feldman,* 176 F.R.D. at 652.

In the instant action, even if some or all of the individual Defendants were ultimately dismissed from this suit based on qualified immunity, or for any other reason, they would still be subject to discovery as fact witnesses regarding Plaintiffs' claims against the St. Johns County School District. Defendants have not demonstrated that any discovery Plaintiffs might seek would be avoidable, overly broad, or broad-reaching. *See Rhodes v. Prince*, Civ. Action No. 3:05-CV-2343-D, 2008 WL 4493590, *2 (N.D. Tex. Oct. 3, 2008) (denying motion to stay discovery where individual defendants did not establish the discovery sought by the plaintiff would in any respect be different if the individual defendants were to become mere fact witnesses to the underlying cause of action).[1]

---

[1] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *Feldman,* 176 F.R.D. at 652. This involves weighing the likely costs and burdens of proceeding with discovery. *Id.* Notwithstanding Defendants' assertions to the contrary and having reviewed the authority cited by the parties and the record as a whole, the Court does not find the requisite good cause exists to delay discovery at this juncture.

Accordingly, it is hereby **ORDERED**:

Defendants' Motion to Stay Discovery Pending Final Adjudication of Dispositive Motion and Supporting Memorandum of Law (Doc. #76) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of October, 2009.

Copies to:
All Counsel of Record
*Pro Se* Parties, if any

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge