**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

S.D., individually and as Next Friend of
A.J.D., and M.P., individually and as
Next Friend of O.J.P.,

        Plaintiffs,

vs.                                              CASE NO. 3:09-cv-250-J-20TEM

ST. JOHNS COUNTY SCHOOL DISTRICT,
et al.,

        Defendants.

_____

**O R D E R**

This matter is before the Court on Defendants' Motion to Alter or for Relief From Order Denying Stay of Discovery Pending Final Adjudication of Dispositive Motion and Supporting Memorandum of Law (Doc. #85, Motion) and Plaintiffs' response in opposition thereto (Doc. #86). For the reasons stated herein, the Motion shall be granted, in part.

In the Motion (Doc. #85), Defendants request that the Court reconsider its October 1, 2009 Order (Doc. #83) denying Defendants' Motion to Stay Discovery Pending Final Adjudication of Dispositive Motion and Supporting Memorandum of Law (Doc. #76).[1] Defendants contend that, in issuing the subject Order, "the Court neither cited nor distinguished any of the binding case authority supplied by Defendants" (Doc. #85 at 2). Defendants also take issue with the fact the Court relied on an unpublished decision from the Northern District of Texas in making its determination that discovery should not be

---

[1] The relevant facts and conclusions as set forth in the Court's October 1, 2009 Order (Doc. #83) are hereby incorporated by reference.

stayed in this instance because the Individual Defendants will remain subject to pretrial proceedings as fact witnesses regardless of whether their pending motion to dismiss on qualified immunity grounds is granted (Doc. #85 at 3); *see also Rhodes v. Prince*, No. 3:05-CV-2343-D, 2008 WL 4493590 (N.D. Tex. Oct. 3, 2008).[2]

Defendants appear to be of the opinion that the Court committed err in this regard because the *Rhodes* decision was rendered "seven months prior to the Supreme Court's *Iqbal* decision *directly* on point" (Doc. #85 at 3) (emphasis added); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). Defendants maintain that the *Iqbal* decision provides "clear directions regarding stays of discovery while questions of *sovereign immunity* are being decided" (Doc. #85 at 3) (emphasis added).[3]

Defendants' contention in this regard is misguided. To illustrate, the issues that were decided by the Supreme Court of the United States in *Iqbal* were: (1) whether the District Court's order denying the petitioners' (defendants) motion to dismiss was appealable under the collateral order doctrine; and (2) whether the respondent (plaintiff) pled factual matter that, if taken as true, stated a claim that the defendants deprived him of a clearly established constitutional right. *Iqbal*, 129 S.Ct. at 1942-43, 1945. The Supreme Court, in *Iqbal*, did not decide whether discovery *must* be stayed pending the resolution of a motion to dismiss based on the assertion of qualified immunity. *See Iqbal*, *supra*.

---

[2] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

[3] The petitioners in *Iqbal* raised qualified immunity as a defense in the underlying proceedings—not sovereign immunity. *Iqbal*, 129 S.Ct. at 1942.

Defendants' reliance on the *Iqbal* decision appears to stem from their interpretation of the reasoning employed by the Supreme Court in dispelling the respondent's argument that the Court should relax the pleading requirements with respect to his case because the Court of Appeals instructed the District Court to "cabin discovery in such a way as to preserve [the] petitioners' [defendants] defense of qualified immunity. . . ." *Id.* at 1953. As the Supreme Court noted in *Crawford-El v. Britton*, "[t]here is, of course, an important difference between the holding in a case and the reasoning that supports that holding." 523 U.S. 574, 585 (1998). In *Iqbal*, the primary issue resolved by the Supreme Court related to the pleading requirements under Rule 8 and Rule 9(b) of the Federal Rules of Civil Procedure, not whether discovery *must* be stayed pending a motion to dismiss on qualified immunity grounds. *See Iqbal, supra*.

In rejecting the "careful-case-management" approach presented by the respondent in support of his argument that pleading requirements should be relaxed in his case, the Supreme Court stated:

> *The question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process.* It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management. . . .

*Iqbal*, 129 S.Ct. at 1953 (citations and quotations omitted) (emphasis added).

The Supreme Court went on to state that its rejection of the respondent's proposed careful-case-management approach was, "especially important in suits where Government-official defendants are entitled to assert the defense of qualified immunity [since the] basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation,

3

including the 'avoidance of disruptive discovery.'" *Id.* (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J. concurring).

The issue in *Siegert*, like the primary issue in *Iqbal*, centered around the objective, rather than the subjective, standard that is to be used by courts in determining the reasonableness of an official's conduct (as measured by reference to clearly established law) at either the motion to dismiss or summary judgment stage of the proceedings. *See Siegert, supra; Iqbal, supra*. In *Siegert*, Justice Kennedy stated:

> The heightened pleading standard is a departure from the usual pleading requirements of Federal Rules of Civil Procedure 8 and 9(b), and departs also from the normal standard for summary judgment under Rule 56. But avoidance of disruptive discovery is one of the very purposes for the official immunity doctrine, and it is no answer [to an insufficient complaint] to say that the plaintiff has not yet had the opportunity to engage in discovery. The substantive defense of immunity controls. Upon the assertion of a qualified immunity defense the plaintiff must put forward specific, nonconclusory factual allegations which establish malice, or face dismissal.

500 U.S. at 236.

In *Harlow v. Fitzgerald* (arguably the seminal case with respect to the instant matter, which Defendants did not cite), the Supreme Court described "broad-reaching" and "disruptive discovery" as discovery that involves deposing numerous persons, including an official's professional colleagues, and which would likely delve into traditionally protected areas, such as deliberation preparatory to the formulation of government policy. 457 U.S. 800, 817, n. 29 (1982). As noted in the Court's October 1, 2009 Order (Doc. #83), "Defendants have not demonstrated that any discovery Plaintiffs might seek would be avoidable, overly broad, or broad-reaching" (Doc. #83 at 3).

Moreover, the language of *Harlow* is permissive in the sense that it states: "Until th[e] threshold [qualified] immunity question is resolved, discovery *should* not be allowed."

4

457 U.S. 800, 818 (1982) (emphasis added).  In *Mitchell v. Forsyth*, the Supreme Court stated: "Indeed, *Harlow* emphasizes that even such pretrial matters as discovery are to be avoided *if possible*."  472 U.S. 511, 526 (1985) (emphasis added).  Moreover, the Supreme Court, in *Anderson v. Creighton*, reiterated the *Harlow* principal that insubstantial claims against government officials should be resolved "prior to discovery and on summary judgment *if possible*."  483 U.S. 635, 640 n. 2 (1987) (emphasis added).[4]

The Court notes that the Eleventh Circuit Court of Appeals has used language that discovery should be delayed "if possible" while dispositive motions are resolved to decrease costs to the litigants and save judicial resources.  *See, e.g., Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997).  Moreover, the court, in finding no error with respect to a District Court's decision to stay discovery pending the resolution of a motion to dismiss based on qualified immunity grounds, stated: "A court *may* resolve the issue of qualified immunity before allowing discovery."  *Caraballo-Sandoval, et al., v. R.E. Honsted*, 35 F.3d 521, 524 (11th Cir. 1994) (emphasis added) (citing *Harlow*, 457 U.S. at 817-18).

In *Moore v. Potter*, the Eleventh Circuit also found no abuse of discretion where a District Court stayed discovery in circumstances similar to those of *Caraballo-Sandoval*, *supra*.  The *Moore* court, however: (1) reiterated the permissive nature with respect to whether a court grants a stay of discovery in such circumstances by stating, "[f]acial challenges . . . *should* be resolved before discovery begins"; and (2) reasoned that, pending

---

[4]The Court would note that the issue presented in *Anderson* was whether a reasonable officer could have believed a warrantless search was lawful in light of clearly established law, not whether discovery must be stayed pending a motion to dismiss on qualified immunity grounds.  *See Anderson*, 483 U.S. at 636-37.

5

the resolution of a motion to dismiss on qualified immunity grounds, "neither the parties nor the court have *any* need for discovery before the court rules on the motion." 141 Fed. Appx. 803, 807 (11th Cir. 2005) (emphasis added).

In the instant matter, unlike many of the aforementioned cases (if not all), the dispositive motion by the lead defendant, St. Johns County School District, has been resolved against it. Thus, the case will proceed.

While the defense of qualified immunity with respect to the Individual Defendants have not yet been resolved, their knowledge of the underlying facts regarding this case would appear relevant to the claim against the School District. Defendants note the Court's prior opinion in *Allmond v. City of Jacksonville, et al.*, No. 3:07-cv-1139-J-33TEM, 2008 U.S. Dist. LEXIS 57389, *6 (M.D. Fla. July 8, 2008), where the Court stayed discovery pending the resolution of various dispositive motions. In that case, however, as well as in the subject October 1, 2009 Order (Doc. #83), the Court cited to *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997), in noting that a request to stay discovery is rarely appropriate where the resolution of the motion will not dispose of the *entire* case.

Here, Plaintiffs desire to obtain discovery from Defendant St. Johns County School District (*see* Doc. #78 at 2-3). Therefore, the Court cannot find the parties have *no* need for discovery pending the resolution of the Individual Defendants' motion to dismiss.[5] Although the Court acknowledges that discovery should likely be stayed in situations where the granting of the motion to dismiss could dispose of the entire action, the facts that

---

[5] Defendants also cite the Eleventh Circuit opinions of *Post v. City of Ft. Lauderdale*, 7 F.3d 1552 (11th Cir. 1993) and *Ray v. Foltz*, 370 F.3d 1079 (11th Cir. 2004) in support of their proposition that discovery must be stayed pending a motion to dismiss based on qualified immunity grounds; however, the issue in both those cases only dealt with whether the defendants were entitled to qualified immunity.

pertain to the instant matter are unique in the sense that Plaintiffs' claims against the School District have survived the motion to dismiss stage of the proceedings (*see* Doc. #72, Order denying the motions to dismiss filed by Defendant St. Johns County School District); *see also Allmond*, 2008 U.S. Dist. LEXIS 57389, at *6 (granting motion to stay discovery pending resolution of motions to dismiss where those motions "could dispose of the entire case").[6] Unless the Court stays all discovery, the Individual Defendants will nevertheless be subject to pretrial discovery as fact witnesses.

As noted in the October 1, 2009 Order (Doc. #83), the Court relied on the *Rhodes* decision from the Northern District of Texas in making its determination in this regard because the facts presented in *Rhodes* are more analogous to the situation at hand. *See Rhodes*, 2008 WL 4493590, at *1-2. To illustrate, in *Rhodes*, the plaintiff sued both the City of Arlington, Texas ("City"), and various individual defendants. *Id.* at *1. The plaintiff's claims against the individual defendants were dismissed by the District Court. *Id.* The plaintiff appealed this determination to the Fifth Circuit Court of Appeals. *Id.* The claims against the City remained pending. *Id.* As the court in *Rhodes* pointed out,

> A party who is entitled to qualified immunity is not immune from all discovery. He [or she] is only immune from discovery that is 'avoidable or overly broad.' *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir.1987). Qualified immunity is intended to protect officials from the costs of 'broad-reaching' discovery. *Crawford-El v. Britton*, 523 U.S. 574, 593 n. 14 (1998). Although these standards were announced in the context of addressing what discovery is permissible when litigating entitlement to qualified immunity rather than, as here, deciding what discovery can be obtained from someone who is entitled to qualified immunity, the court concludes that they apply as well in this context.

---

[6]Defendants also cited the District Court case of *H.A.L., et al., v. Foltz, et al.,* in support of their Motion; however, the *H.A.L.* court reiterated the permissive nature of granting a stay of discovery when it stated, "discovery *should* be stayed until the qualified immunity issue is resolved." No. 3:05-cv-873-J-33MCR, 2008 U.S. Dist. LEXIS 15393, at *3 (M.D. Fla. Feb. 28, 2008) (emphasis added).

*Id.* at *2.

The District Court, in *Rhodes*, found it was insufficient to preclude the plaintiff from obtaining discovery that defendants failed to show was avoidable, overly broad, or broad-reaching. *See id.* at *3. Such is the case here; however, the Court will amend its Order to the extent that any discovery sought from the Individual Defendants shall be limited to factual issues relevant to the suit against the School District. Discovery of facts relevant *only* to individual liability as to the named Individual Defendants is premature at this juncture; therefore, the Individual Defendants shall not be subject to such discovery, *supra*, unless their motion to dismiss based on qualified immunity grounds is denied.

To date, no Case Management and Scheduling Order has been entered. Thus, should Plaintiffs wish to delay seeking discovery from the Individual Defendants until the subject motion to dismiss is ruled upon, they may do so. Likewise, should Defendants believe any discovery sought from the Individual Defendants goes beyond the claim against the School District, they may file appropriate objections.

Based on the foregoing, Defendants' Motion to Alter or for Relief From Order Denying Stay of Discovery Pending Final Adjudication of Dispositive Motion and Supporting Memorandum of Law (Doc. #85) shall be granted, in part.

Accordingly, it is hereby **ORDERED**:

1. Defendants' Motion to Alter or for Relief From Order Denying Stay of Discovery Pending Final Adjudication of Dispositive Motion and Supporting Memorandum of Law (Doc. #85) is **GRANTED, in part**.

2. Any discovery sought should be limited to factual issues relevant to the suit against the St. Johns County School District. Discovery of facts **relevant only to individual liability as to the named Individual Defendants** is premature at this juncture; therefore, the Individual Defendants shall not be subject to such discovery.

3. Should Defendants believe that any discovery sought from the Individual Defendants goes beyond the claim against the School District, they may file appropriate objections.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of November, 2009.

Copies to all counsel of record
and *pro se* parties, if any

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge